UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

LISA GREGORY,

an Individual

      Plaintiff,

v.

TOWER IMAGING, LLC,
a Florida Limited Liability Company,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lisa Gregory, ("Ms. Gregory" or "Plaintiff") files this Complaint against Defendant, Tower Imaging, LLC, ("Tower" or "Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), and retaliation and unlawful termination under Florida's Private Whistleblower Act ("FWA") at Fla. Stat. § 448.102(3) to recover from Defendant

back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3.     This Court also has supplemental jurisdiction over Plaintiff's FCRA and FWA claims, as they arise out of the same operative facts and circumstances as her ADA claims.

4.     At all times relevant hereto, Plaintiff was an employee of Defendant.

5.     Plaintiff worked for Defendant in Hillsborough County, Florida, and this venue is therefore proper.

6.     Defendant is a Florida Limited Liability Company that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of the Court.

7.     Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a.     Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b.     Plaintiff was retaliated against and suffered adverse employment

2

action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability," and her request for reasonable accommodation.

8. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

9. Defendant was at all times an "employer" as envisioned by the FWA as it employed in excess of ten (10) employees.

## CONDITIONS PRECEDENT

10. On or around May 14, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. On or around January 31, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Ms. Gregory worked for Tower as a Quality and Performance Improvement Administrator from April 4, 2023, until her unlawful and retaliatory termination on September 12, 2023.

16. On July 27, 2023, a subordinate brought to Ms. Gregory's attention the fact that a Tower Marketing Director had bought private cell phone numbers using a corporate Verizon account and gave those phones to his staff to contact patients.

17. Ms. Gregory swiftly objected to her Tower Senior Vice President that Tower's actions violated, inter alia, the Privacy Rule of the Health Insurance Portability and Accountability Act ("HIPAA").

18. In response to Ms. Gregory's objections, Ms. Gregory's Tower Supervisors began haranguing and lambasting and mistreating Ms. Gregory, who had theretofore received nothing but positive feedback as she grew into her role.

19. Indeed, on August 3, 2023, Tower ambushed Ms. Gregory with a spurious "writeup" in retaliation for her voicing her objections to Tower's violations of law.

20.    Later in August of 2023, one of Ms. Gregory's Tower Supervisors, after issuing Ms. Gregory more spurious negative feedback, mockingly asked Ms. Gregory, "do you have PTSD or something?"

21.    Ms. Gregory replied that she did, in fact, suffer from Post Traumatic Stress Disorder ("PTSD") as well as further disabilities, specifically partial deafness and hoarseness of voice.

22.    At that time, Ms. Gregory attempted to initiate an interactive dialogue with Tower about the possibility of reasonable, non-burdensome accommodation for her disabilities.

23.    In response, Ms. Gregory's Tower Supervisor reflexively stated, "even if they're reasonable, we can deny them."

24.    Tower's pre-emptive denial of reasonable accommodation, and refusal even to enter into an interactive dialogue concerning possible reasonable accommodation for Ms. Gregory's disabilities, violated the ADA and the FCRA.

25.    Very shortly thereafter, on September 12, 2023, Tower informed Ms. Gregory that it had decided to terminate her employment, effective immediately.

26.    Tower offered no cogent explanation for taking this extreme adverse employment action against Ms. Gregory.

27.    It is clear that Tower discriminated against Ms. Gregory because she suffered disabilities, and terminated Ms. Gregory's employment in retaliation for her

5

requiring and requesting reasonable accommodation for her disabilities, and in retaliation for her objections to Tower's violations of law.

28. It is clear that Ms. Gregory's disability and request for accommodation/leave were seen as problematic to Tower managers, and they believed the solution was to simply force her out.

29. Any other reason theorized by Tower is mere pretext.

30. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

31. Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA/FCRA.

32. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

33. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

34. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

35.    Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

36.    Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.  Therefore, she is protected class member as envisioned by the ADA and the FCRA.

37.    Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

38.    Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

39.    It is well settled under Florida law that terminating an employee for refusing to partake in, objecting to, or filing a report, regarding a violation of law, rule, or regulation is contrary to the protections of the FWA. *See Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013) (To establish a violation of the Florida Whistleblower law, an employee must establish that: (1) she objected to or refused to participate in an illegal activity, policy, or practice, or what he reasonably believed to be illegal; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal).

40.     Further, the temporal proximity between Ms. Brooks's objections to AHCP's unlawful actions, followed by the negative employment action taken

7

against her, *i.e.*, termination, demonstrates unlawful retaliation in violation of the FWA.

41. Plaintiff has suffered damages as a result of Defendant's conduct.

42. The close temporal proximity between Ms. Brooks's objections/refusal and her termination establishes a causal link between Plaintiff's protected activity and Defendant's retaliatory acts.

43. Defendant did not have a good faith basis for its actions.

44. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

45. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

46. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

48.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4 through 8, 10 through 15, 19 through 31, 34 through 38, and 43 through 47 above.

49.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

50.    The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

51.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

53.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

54.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT II**
**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**
**BASED ON DISABILITY**

55.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 10 through 15, 19 through 31, 34 through 38, and 43 through 47 above.

56.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

57.     The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

58.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

60.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

61.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

62.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4 through 8, 10 through 15, 19 through 33, 35, 38, and 43 through 47, above.

63.    Plaintiff was terminated within close temporal proximity of her objections to Defendant that he felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

11

64.    Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

65.    Plaintiff was terminated as a direct result of her objections to what he reasonably believed to be disability discrimination, and her request for reasonable accommodation.

66.    Plaintiff's protected activity, and her termination, are causally related.

67.    Defendant's stated reasons for Plaintiff's termination are a pretext.

68.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

70.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

71.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

12

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 10 through 15, 19 through 33, 35, 38, and 43 through 47, above.

73. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

74. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

75. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

76. Plaintiff's protected activity, and her termination, are causally related.

77. Defendant's stated reasons for Plaintiff's termination are a pretext.

13

78. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

80. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

81. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT IV**
**FLORIDA'S PRIVATE WHISTLEBLOWER ACT**
**UNLAWFUL RETALIATION**

82.    Plaintiff realleges and incorporates all allegations contained within Paragraphs 1 through 6, 9, through 15 through 47, above.

83.    On September 12, 2023, Defendant terminated Plaintiff from her employment in violation of Section 448.102(3), Florida Statutes.

84.    Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statute for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant.

85.    Plaintiff objected to this violation of a law, rule, or regulation, or what she reasonably believed to be a violation of this law, rule, and regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

86.    As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and any other monetary and non-monetary losses.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 30th day of April 2025.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
   RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*